**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GARY MERDINGER,

                      Plaintiff,

        v.

NATIONWIDE MORTGAGE
BANKERS, INC., & RICHARD
STEINBERG,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Index No.:

**COMPLAINT**

<u>**JURY TRIAL DEMANDED**</u>

Plaintiff GARY MERDINGER ("Plaintiff"), by and through his attorneys VALLI KANE & VAGNINI LLP, brings this action for damages and other legal and equitable relief against Defendant NATIONWIDE MORTGAGE BANKERS, INC. ("Nationwide") and Defendant RICHARD STEINBERG ("Steinberg") (collectively, "Defendants") for violations of the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201 *et seq.* , the New York Labor Law ("NYLL"); the New York Wage Theft Prevention Act ("WTPA"), the New York Codes, Rules, and Regulations ("NYCRR"); breach of contract; and any other cause(s) of action that can be inferred from the facts set forth herein.

<u>**INTRODUCTION**</u>

1.     This is an action brought by Plaintiff challenging acts committed by Defendants against Plaintiff, which amount to violations of the FLSA, New York State wage and hour laws, and a breach of contract.

2.     Plaintiff is a licensed mortgage banker.

3.     Nationwide is a mortgage bank with its principal office located at 3 Huntington Quadrangle, Suite 403N, Melville, NY 11747.

4. According to the Housing and Urban Development ("HUD") Neighborhood Watch website, Nationwide has forty active branches throughout the United States.[1]

5. Based on the disclosures and licensing section of Nationwide's website, Nationwide is licensed in numerous states throughout the United States.[2]

6. Steinberg in his capacity as the founder and chairman of the board of Nationwide has the ability to hire, fire, determine pay structure, and dictate the terms and conditions of employment for Plaintiff.

7. From December 2018 until November 15, 2022, Plaintiff worked for Defendants as a licensed mortgage banker, with the title of Producing Sales Manager[3].

8. Plaintiff brings this action pursuant to the FLSA, NYLL and the NYCRR for Defendants' failure to compensate Plaintiff at time and one-half for all hours worked in excess of forty hours in a week (overtime).

9. Plaintiff also brings this action pursuant to the NYLL for Defendants' failure to issue him the requisite wage statements.

10. Plaintiff also brings this action pursuant to the FLSA, the NYLL, and the NYCRR for Defendants' failure to compensate him for his earned and due wages, including overtime, and for breach of his agreement.

---

[1] https://entp.hud.gov/sfnw/public/lendinfo.cfm?RequestTimeout=500&lendlist=31132&lendstat=%27A%27%2C%20%27T%27%2C%20%27M%27&orderkey=mortgagee_status_code&varorder=ASC&report=BOTH

[2] https://nmbnow.com/disclosures-and-licensing/

[3] Despite the title, Plaintiff does not fall under the management exemption since he did not supervise anyone, did not set salaries or schedules, and did not set policies or procedures.

11.     Upon information and belief, Plaintiff has suffered approximately Six Hundred Thousand Dollars ($600,000)[4] in unpaid wages because of Defendants' violations of the NYLL, NYCRR, and breach of his agreement alleged herein.

12.     Plaintiff is entitled to recover: (i) unpaid earned compensation on loans Plaintiff worked on; (ii) reimbursement for improper deductions; (iii) overtime; (iv) unpaid earned compensation for loans utilizing his name and license; (v) liquidated damages; (vi) interest; (vii) penalties; (viii) attorneys' fees and costs; and such other relief as this Court finds necessary and proper.

## JURISDICTION AND VENUE

13.     This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the NYLL, WTPA and contract claims pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

14.      Venue is proper in the Eastern District of New York pursuant to 29 U.S.C. §§ 201 *et seq*., because this judicial district lies within the State in which the unlawful employment practices complained of herein occurred. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c), in that Defendant maintains facilities, conducts business, and resides in this District.

## THE PARTIES

15.     At all relevant times, Plaintiff was an "employee" within the meaning of the FLSA, NYLL and the NYCRR.

---

[4] This amount does not include overtime claims, liquidated damages, interest, commissions on loans closed under Plaintiff's license that Plaintiff did not work on, nor attorney fees.

16.     Plaintiff is a citizen of Suffolk County.

17.     Upon information and belief, Nationwide is a privately owned corporation organized under the laws of Delaware with its principal place of business in Suffolk County, New York. Upon information and belief, Nationwide is authorized to conduct business in New York pursuant to Business and Corporation Law § 1304.

18.     Nationwide transacted and continues to transact business in New York and within Suffolk County and throughout the United States in all the states where it is licensed.

19.     According to Nationwide's website, Steinberg is the founder and chairman of the board of Nationwide.[5] Accordingly, Steinberg exercised control over all Nationwide employees, including Plaintiff, regarding hiring and firing, instituting discipline, setting schedules and overall supervision of policies and procedures, including salaries, overall compensation structure and pay. Both Plaintiff and Steinberg worked in Nationwide's main office located in Melville, New York.

## STATEMENT OF FACTS

20.     Plaintiff has over twenty years of experience as a licensed mortgage banker acting in the capacity of a loan officer.

21.     Defendants hired Plaintiff as a Producing Sales Manager in December 2018.

22.     Plaintiff's employment ended on November 15, 2022.

23.     In his capacity as a Producing Sales Manager, Plaintiff's job duties included selling mortgages to customers.

24.     Despite Defendant's decision to title Plaintiff as a "manager," Plaintiff held a non-exempt position with Defendants because he did not: (1) supervise others, (2) set salaries, (3) set schedules, (4) set benefits, (5) impose or institute discipline, or (6) set policy or procedures.

---

[5] *See* https://nmbnow.com/board/

25.     Per Plaintiff's agreement with Defendants, Plaintiff earned $55,000 annually in salary as an employee for which he received a W-2 tax form at year end.

26.     Pursuant to his Bonus and Compensation agreement, Plaintiff was also entitled to receive bonus compensation as follows:

    a)     200 bps[6] for self-source referrals closed by Plaintiff

    b)     150 bps for company leads closed by Plaintiff

    c)     100 bps for branch leads closed by Plaintiff

    d)     10 bps for direct company referrals closed by Plaintiff

### *LOANS WERE CLOSED USING PLAINTIFF'S NAME/LICENSE WITHOUT COMPENSATING PLAINTIFF*

27.     During his employment, Plaintiff worked with team leader Anthony Como ("Mr. Como"). Mr. Como is not a licensed loan officer.

28.     Since Mr. Como is not a licensed loan officer, he and members of his team regularly closed loans using Plaintiff's name and license.

29.     From 2019 through the end of Plaintiff's employment, Mr. Como's team closed approximately one hundred million dollars ($100,000,000.00) in loans under Plaintiffs name, using his mortgage license.

30.     The vast majority of the loans Defendants and Como closed using Plaintiff's name and license were "self-sourced" referrals. Per Plaintiff's Bonus and Compensation agreement, this entitled Plaintiff to receive 200 bps, i.e., 2%, of the $100,000,000.00 in loans, or $2,000,000.00.

31.     Defendants failed to compensate Plaintiff for any of the aforementioned loans closed under his name and license (other than the loans Plaintiff worked on), despite Defendants' obligation to do so.

---

[6] BPS stands for "Basis Points." 100 basis points is equal to one percent (1%).

*DEFENDANTS' IMPROPER DEDUCTIONS*

32.     Defendants were not permitted to make illegal deductions from Plaintiff's salary. However, Defendants did precisely that by making various deductions from Plaintiff's salary from time to time.

33.     Defendants improperly deducted approximately $3,500 in property appraisal costs from Plaintiff's paychecks.

34.     Defendants improperly deducted the employer portion of his health insurance from Plaintiff's paychecks, totaling approximately $6,000.

35.     Defendants improperly deducted the employer portion of the payroll tax, i.e., "FICA" and Medicare, from Plaintiff's paychecks, totaling approximately $88,000.00.

36.     Defendants improperly passed a $28,914 fine from Freddie Mac onto Plaintiff and deducted same from his commissions.

37.     Defendants improperly deducted twenty five percent (25%) from all of Plaintiff's commissions to pay Mr. Como, in the amount of approximately $545,000.

38.     Throughout Plaintiff's employment, Defendants failed to provide Plaintiff with true and accurate wage statements.

*DEFENDANTS' FAILURE TO PAY OVERTIME*

39.     Defendants failed to track the hours that Plaintiff worked.

40.     Defendants did not maintain a time keeping system to ensure accurate time records were maintained for Plaintiff.

41.     Plaintiff was an inside sales representative. In that capacity, the banking department required that he be paid on a W-2 and receive salary.

42.     As an inside sales representative, Plaintiff was entitled to overtime pay for hours worked over forty in a week if his commissions did not exceed fifty percent (50%) of his income for that week.

43.     Plaintiff regularly worked in excess of forty hours each work week, working nights and weekends. On average, Plaintiff worked about forty overtime hours per week, i.e., 80 hours worked total.

44.     Plaintiff typically worked in Nationwide's office from Monday to Friday, 9am to 6pm, and worked his remaining hours outside the office on nights and weekends.

45.     Defendants paid Plaintiff on a bi-monthly basis resulting in 24 paid periods per year.

46.     Plaintiff's commissions for approximately 8 of those 24 pay periods did not exceed 50% of his income for each of the respective pay periods. However, Defendants failed to pay Plaintiff the required one and a half (1 ½) times his regular rate of pay for the overtime worked during these pay periods.

47.     Defendants' conduct was willful and lasted for the duration of the relevant time periods.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
**The New York Labor Law § 191**
**(Failure to Timely Pay Wages)**

48.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

49.     Throughout the relevant time, Defendants knowingly failed to pay Plaintiff the bonus compensation to which he was entitled for loans closed under his name and mortgage license.

50.     Defendants' conduct was willful, lasted for the duration of Plaintiff's employment with Defendants, and was in violation of the NYLL.

**AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF**
**New York State Contract Law**
**(Breach of Contract)**

51.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

52.     In or around December 2018, Plaintiff and Defendant entered into an employment agreement.

53.     Pursuant to the contract, Defendant was required to pay Plaintiff anywhere from 10 bps to 200 bps as bonus compensation on loans closed under his name and license.

54.     Despite its obligations, Defendant failed to pay Plaintiff for loans closed under his name and license.

55.     By failing to pay Plaintiff, Defendant has breached the agreement.

56.     Defendant is prohibited from making certain deductions from Plaintiff's salary. However, Defendant did precisely that by deducting fees, fines, 25% commissions, the employer portion of medical coverage, and the employer portion of payroll tax from Plaintiff's salary.

57.     Based upon the above Defendants have violated the law and have breached the contract.

**AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF**
**The New York Labor Law §§ 195, 198**
**(Failure to Provide Proper Wage Statements)**

58.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

59.     Pursuant to the NYLL, employers are required each pay period to furnish employees with a wage statement that includes, among other things, hours worked and accurate wages.

60.     Throughout Plaintiff's employment, Defendant knowingly failed to provide Plaintiff with accurate wage statements as required by the NYLL.

61.     Defendant's conduct was in violation of the NYLL.

**AS AND FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF**
**The New York Labor Law § 193**
**(Unlawful Deduction of Wages)**

62.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

63.     Throughout the relevant time, Defendants knowingly deducted a portion of Plaintiff's earned and due wages by improperly deducting the employer portion of employee payroll taxes, i.e., FICA and Medicare, from his paychecks.

64.     Throughout the relevant time, Defendants knowingly deducted a portion of Plaintiff's earned and due wages by improperly deducting property appraisal costs from Plaintiff's paychecks, improperly passing a Freddie Mac fine onto Plaintiff, and improperly deducting 25% from Plaintiff's commissions.

65.     Defendants' conduct was not taken pursuant to any authorized deductions.

66.     Defendants' conduct was willful and has lasted up to and including the filing of this complaint.

67.     Defendants' conduct was in violation of the NYLL.

**AS AND FOR A FIFTH CAUSE OF ACTION FOR A VIOLATION OF**
**The Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.***
**(Failure to Pay Overtime)**

68.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

69.     Throughout the period covered by the applicable statute of limitations, Plaintiff was required to work and did in fact work in excess of forty (40) hours per workweek.

70.     On average, Plaintiff worked approximately forty (40) hours in excess of forty (40) hours per workweek.

71.     Pursuant to the FLSA, inside sales representatives are to be paid overtime when they work more than forty hours in a workweek and their commissions in that workweek are less than 50% of their income. Throughout Plaintiff's employment, Defendant failed to properly pay Plaintiff overtime compensation for the weeks he worked more than forty hours and where his bonus compensation was not more than 50% of his income for those respective weeks.

72.     Upon information and belief, throughout the period covered by the applicable statute of limitations, Defendants knowingly failed to pay Plaintiff the statutorily required overtime rate for all hours worked in excess of forty (40) hours per workweek.

73.     Defendants' conduct was willful and lasted for the duration of the relevant time periods.

74.     Defendants' conduct was in violation of the Fair Labor Standards Act.

**AS AND FOR A SIXTH CAUSE OF ACTION FOR A VIOLATION OF**
**The New York Labor Law and the New York Codes, Rules, and Regulations, 12 NYCRR § 142-2.2**
**(Failure to Pay Overtime)**

75.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

76.     Throughout the period covered by the applicable statute of limitations, Plaintiff was required to work and did in fact work in excess of forty (40) hours per workweek.

77.     On average, Plaintiff worked approximately forty (40) hours in excess of forty (40) hours per workweek.

78.     Pursuant to the NYLL and the NYCRR, inside sales representatives are to be paid overtime when they work more than forty hours in a workweek and their commissions in that workweek are less than 50% of their income. Throughout Plaintiff's employment, Defendants failed to properly pay Plaintiff overtime compensation for the weeks during which he worked more than forty hours and where his bonus compensation was not more than 50% of his income for those respective weeks.

79.     Upon information and belief, throughout the period covered by the applicable statute of limitations, Defendants knowingly failed to pay Plaintiff the statutorily required overtime rate for all hours worked in excess of forty (40) hours per workweek.

80.     Defendants' conduct was willful and lasted for the duration of the relevant time periods.

81.     Defendants' conduct was in violation of the NYLL and the NYCRR.

## **PRAYER FOR RELIEF**

**Wherefore**, Plaintiff, demands judgment against Defendants as follows:

A.      Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

B.      Penalties under NYLL §§ 198(1)(b) and 198(1)(d) for the Defendants' failure to comply with the notice and record-keeping requirements of NYLL §§ 195(1) and 195(3);

C.      A judgment declaring that the practices complained of herein are unlawful and in violation of the Fair Labor Standards Act, the New York Labor Law, the New York Codes, Rules, and Regulations, and New York State Contract Law.

D.      All damages which Plaintiff has sustained as a result of Defendants' conduct, including withheld earned and due compensation, back pay, liquidated damages, front pay, general and special damages for lost compensation and job benefits he would have received but for Defendants' improper practices and penalties;

E.      An award to Plaintiff of pre-judgment interest at the highest statutory rate, from each date when all unpaid earned compensation was due;

F.      An award to Plaintiff representing Defendants' share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

G.      An award to Plaintiff for the amount of unpaid wages, including interest thereon, and penalties subject to proof;

H.      Awarding Plaintiff his costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

I.      Pre-judgment and post-judgement interest as provided by law; and

J.      Granting Plaintiff other and further relief as this Court finds necessary and proper.

### **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint.

Dated:     Garden City, New York
           April 4, 2023                    Respectfully Submitted,


                                            */s/ Robert J. Valli, Jr.*
                                            Robert J. Valli, Jr., Esq.
                                            rvalli@vkv.law
                                            **Valli Kane & Vagnini LLP**
                                            600 Old Country Road, Ste. 519
                                            Garden City, New York 11530
                                            (516) 203-7180 (phone)
                                            (516) 706-0248 (fax)

                                            *Attorneys for Plaintiff*